*1300 OPINION.
Lansdon:
The contentions of the petitioner are set forth in our preliminary statement. Alleged errors 1 and 2 relate to the same question and require no separate discussion. Petitioner claims that there was an understanding between it and the partnership that the latter should pay all the taxes due by each for the year 1917, that the Commissioner was advised of such agreement, and, notwithstanding his knowledge thereof, allocated the tax finally found to be due on the consolidated return to the two concerns in proportion to the profits realized by each, and that the effect of such procedure was to reduce the invested capital of the petitioner for the year 1921 in the amount of tax for the year 1917 that under the agreement should have been paid by the partnership.
Petitioner and the partnership made separate returns in 1917 and each paid its own taxes. Subsequently they were advised by the Commissioner that they should file a consolidated return for such year. At the time of, or shortly after the audit of the consolidated return, one of the officers of the petitioner told a representative of the Commissioner that if the partnership had known a consolidated return would be required for 1917, they would have asked that all the tax for that year be allocated to the partnership. The Commissioner allocated the additional tax found due on account of the consolidated return to the partnership, but made no change on his records as to the taxes paid under the separate returns, except to credit the amounts thereof against the tax found and assessed under the consolidated return. Petitioner' has offered' no evidence that any such understanding between the partnership and the corporation existed prior to the determination of additional taxes. The Commissioner allocated the entire additional tax to the partnership, but refused to reallocate the taxes already paid. In the circumstances we are of the opinion that his procedure was correct. Nor are we able to see that the payment of taxes in proportion to its portion of the income of the affiliated group results in any abnormality of invested capital in the year in which such payment was made.
The petitioner also alleges that the Commissioner erroneously refused its application for the assessment of its taxes for the year 1921 under the provisions of section 328 of the Revenue Act of 1921. The abnormality alleged as to invested capital has been disposed of by the conclusion which we have reached above. There remains only to decide whether the petitioner’s policy of invoicing its products to its sales agency, the partnership, at arbitrary prices without consideration of cost of production, market prices or general conditions resulted in an abnormality of income in the year 1921, *1301 If it is a fact that the invoice prices at which the petitioner billed its products to the partnership were arbitrary and were higher than the average of such prices in the shoe business, it follows that the income of the petitioner was increased and that of the partnership decreased. It may be that this resulted in the application of surtax rates to the petitioner’s income that were higher than if the total profits had been shared between the two concerns on the basis of prices based on cost of production and other pertinent elements, but if this was an abnormality, so far as we can see it does not fall within the provisions of section 327 of the Revenue Act of 1921. The total profits of the two concerns remained the same and would have been the same under any system of invoicing the products of the one as sales to the other. The alleged abnormality here was voluntarily created and could have been voluntarily avoided at any time. If there was any hardship it resulted from the free election of the petitioner to conduct its business- in the way that was deemed to be most advantageous to itself. The desired result was attained and we must assume that its advantages compensated the petitioner for any small additional tax that resulted and that must have been foreseen when the policy was persisted in after the enactment of Federal income-tax laws. In our opinion the petitioner is not entitled to have its tax for 1921 computed under the provisions of section 328 of the Revenue Act of 1921.
Reviewed by the Board.

Decision will be entered under Rule 50.